Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a retired officer of the Regular Army, brings this suit to recover a sum of retired pay allegedly due him over a period beginning October 1, 1949, to date of judgment. He alleges payment was denied him by reason of the arbitrary, capricious and unlawful action of the Army Board for Correction of Military Records, and the Secretary of the Army in failing to correct his record in accordance with the facts and the law.
The case arises on plaintiff’s motion and defendant’s cross-motion for summary judgment and presents the question as to whether or not the Correction Board was arbitrary and acted unlawfully in computing plaintiff’s percentage of disability for retirement pay purposes.
The facts, as disclosed by the pleadings, exhibits and respective motions, are as follows:
Plaintiff was appointed a first lieutenant in the Regular Army on October 31, 1920. He was retired for physical disability on May 25, 1922, under the provisions of section 1251, Revised Statutes. He was recalled to active duty on September 21,1942. While so serving, he attained the temporary grade of lieutenant colonel, AUS. On December 31, 1945, he was released to inactive duty on the retired list in the grade of first lieutenant. He was advanced on *303 •the retired list, effective June 29,1948, under section 203(a) of the Act of June 29, 1948, 62 Stat. 1085.
On February 15,1949, plaintiff applied to the Army Board for Correction of Military Records requesting the correction of his records to reflect that he had been retired for physical disability in the grade of lieutenant colonel, effective January 1, 1946, by reason of having incurred additional disability while serving in a higher temporary grade, in accordance with section 4 of the Act of June 29, 1943, 57 Stat. 249. By Letter Order dated July 9,1951, the Secretary of the Army directed that plaintiff’s military records be corrected to reflect that he had been promoted on the retired list to the grade of lieutenant colonel as of January 1, 1946.
In a decision of the Comptroller General dated April 19, 1954, reported in 33 Comp. Gen. 479, it was held that the findings of the Correction Board did not support the retroactive promotion, within the meaning of the provisions of the Act of June 29, 1943. As a result of this decision, the Correction Board again corrected plaintiff’s records to meet the objection of the Comptroller General.
On September 15, 1958, plaintiff again applied to the Correction Board, as he had been advised by the Department of the Army, for a correction of his records to reflect an election, effective October 1, 1949, pursuant to section 411 of the Career Compensation Act of 1949, 63 Stat. 802, 823, to receive retired pay based upon 80 percent disability, at the rates prescribed by the Career Compensation Act of 1949. The Secretary of the Army, on December 11, 1958, granted the relief requested, except that the records were corrected to reflect that, upon evaluation under the provisions of section 411 off the Career Compensation Act of 1949, it was determined that on December 31, 1945, he was rated 60 percent disabled, in accordance with the provisions of the Veterans Administration Schedule of Rating Disabilities, instead of 80 percent disabled. This was because, as shown by the record, the additional disability incurred was rated at 20 and 10 percent respectively.
On April 30,1959, plaintiff applied for reconsideration by the Correction Board and for further correction of his rec *304 ords to show that he was 80 percent disabled, instead of 60 percent disabled. A bearing on the application was held on June 24, 1959.
On August 13, 1959, the Secretary of the Army affirmed his action of December 11, 1958, determining that plaintiff had been 60 percent disabled on December 31, 1945, in accordance with the provisions of the Veterans Administration Schedule of Eating Disabilities then in effect, as required by the Career Compensation Act of 1949.
The position taken by plaintiff is that the Army Physical Eeview Counsel correctly found that on the occasion of his initial retirement on May 25, 1922, his disability rating was 50 percent. Further, that the Army Board for Correction of Military Eecords found that plaintiff, between September 21, 1942, and December 31, 1945, had incurred additional disability during that period amounting to not less than 30 per centum permanent. Plaintiff then argues that simple arithmetic discloses that the original 50 percent added later to the 30 percent must equal 80 percent, thereby making him 80 percent disabled since October 1,1945, within the purview of section 411 of the Career Compensation Act of 1949, supra. Since the Correction Board found him only 60 percent disabled, plaintiff argues that this finding is arbitrary, capricious and unlawful.
On the other hand the defendant contends that the 60 percent disability rating was computed in accordance with the “Standard Schedule of Eating Disabilities in current use by the Veterans Administration,” as specifically required by section 411 of the Career Compensation Act of 1949, supra, and therefore the 60 percent disability rating cannot be held to be arbitrary, capricious and contrary to law.
Plaintiff’s petition and brief shows that he did apply to the Correction Board asking that his military record reflect his election pursuant to section 411 of the Career Compensation Act, supra, to receive retired pay based upon a disability of 80 percent. It is further disclosed that it was the refusal to so rate him that 'he says is wrong.
Section 4 of the Act of June 29, 1943, 57 Stat. 249, provides:
*305 Any officer of tbe Regular Army on the retired list who shall have been placed thereon by reason of physical disability shall, if he incurs additional physical disability while serving under a temporary appointment in a higher grade, be promoted on the retired list to such higher grade and receive retired pay computed as otherwise provided by law for officers of such higher grade: Provided, That the Secretary of War, or such person or persons as he may designate, shall find that the_ additional physical disability is incident to service while on active duty in the higher grade and not less than 30 per centum permanent.
Section 411 of the Career Compensation Act of 1949, supra, provides in pertinent part as follows:
Pursuant to such regulations as the President may prescribe, (1) any member or former member of the uniformed services heretofore retired by reason of physical disability and now receiving or entitled to receive retired or retirement pay; * * * may elect within the five-year period following * * * [October 1, 1949], (A) to qualify for disability retirement pay under the provisions of this Act and, dependent on his qualification, shall be entitled to receive either the disability retirement pay or the disability severance pay prescribed in this title: Provided, That the determination of the percentage of disability as prescribed in sections 402(a) (3), 402(b)(3), or 402(c)(3), as applicable, shall be based upon the disability of such member, former member, or person, as of the time he was last retired or as of the time he was granted retirement pay, as the case may be, and the percentage of such disability will be determined in accordance with the standard schedule of rating disabilities in current use by the Veterans Administration; * * *.
Thus it is quite evident that having requested correction pursuant to section 411 above, the only method prescribed for determination of percentage of disability was in accordance with the Standard Schedule of Rating Disabilities in current use by the Veterans Administration.
Paragraph 25 of the Schedule of Rating Disabilities (1945 Ed.) then in current use by the Veterans Administration, sets forth the method of computing the percentage of disability where more than one disability is involved. *306 Because we think it quite important for an understanding of the computation, we are setting out in full paragraph 25, and when read in the light of plaintiff’s case, it clearly shows the computation of 60 percent to be correct and in accordance with the schedule. It follows that under these circumstances the Correction Board did not act arbitrarily or capriciously.
Paragraph 25 reads as follows:
25. Combined Ratings Table. — The combined ratings table [infra'] results from the consideration of the efficiency of the individual as affected first by the most disabling condition, then by the less disabling condition, then by other less disabling conditions, if any, in the order of severity. Thus, a person having a 60 percent disability is considered 40 percent efficient. Proceeding from this 40 percent efficiency, the effect of a further 30 Eercent disability is to leave only 70 percent of the ef-ciency remaining after consideration of the first disability, or 28 percent efficiency altogether. The individual is thus 72 percent disabled, as shown in the table opposite 60 percent and under 30 percent. To use the combined ratings table, the disabilities will first be arranged in the exact order of their severity, beginning with the greatest disability. If there are two disabilities, the degree of the greater will be read in the left-hand column, and the degree of the lesser disability will be read in the top row. The figures appearing in the space where the column and row thus ascertained intersect will represent the combined value of the two. This combined value will then be converted to the nearest number divisible by 10, and combined values ending in 5 will be adjusted upward. Thus, with a 50 percent disability and a 30 percent disability the combined value will be found to be 65 percent, but this must be converted to 70 percent to represent the final degree of disability. Similarly, with a disability of 40 percent, and another disability of 20 percent, the combined value is found to be 52 percent, but this must be converted to the nearest degree divisible by 10, which is 50 percent. If there are more than two disabilities, the disabilities will also be arranged in the exact order of their severity, the combined value for the first two will be found as previously described for two disabilities. This combined value, exactly as found in the combined ratings table, will be read in the left-hand column and the degree of the third *307 disability (in order of severity) will be read in the top row. The combined value for the three disabilities will be found in the space where the column and row thus ascertained intersect, and if there are only three disabilities will be converted to the nearest degree divisible by 10, adjusting final 5’s upward. Thus, if there are three disabilities ratable at 60 percent, 40 percent, and 20 percent, respectively, the combined value for the first two will be found opposite 60 and under 40 and is 76 percent. This number, 76, will be read in the left-hand column and in the row thus ascertained and in the column under 20 in the top row, the combined value for the three will be found, and is 81 percent. This combined value will be converted to the nearest degree divisible by 10 which is 80 percent. The same procedure will be employed when there are four or more disabilities.
COMBINED RATINGS TABLE
(10 combined with 10 is 19)

*308 (10 combined with 10 is 19)

Plaintiff contends that the method of computation under section 411, supra, applies only to an initial evaluation and rating, and not to his ultimate rating because of additional disability. He points to Senate Report No. 733, Committee on Armed Services, 81st Congress, 1st session, which states:
Section 411. Provisions to allow former physically disabled to qualify for new pay rates
Section 411 gives those members or former members of the uniformed services heretofore retired by reason of physical disability the right to continue to draw the *309 pay they are now receiving or to elect, within the 5-year period following the effective date of this title—
(1) to qualify under this act and, if found qualified, to receive the benefits prescribed herein; or
(2) to receive retired pay computed by one of the two methods prescribed in section 511 of this act. In making such computations to determine the percentage of disability, the Veterans Administration system of accumulating disability at the time of original retirement shall be followed. No allowance shall be made for disability incurred subsequent to original retirement. (Emphasis supplied.)
Plaintiff then contends that if. he is to have the benefit of any increase over and above his initial disability rating, he must find authority for the additional percentage under some other provision of law. The other provision of law cited by plaintiff for this purpose is the last proviso of section 402(d) of the Career Compensation Act, supra, which provides at page 819:
And provided further, That for any member who, for any reason, has been or hereafter may be retired * * * and who, while in such status, serves on active duty, and while so serving, incurs a physical disability of 30 per centum or more in accordance with the standard schedule of rating disabilities in current use by the Veterans Administration or incurs a physical disability in addition to or an aggravation of the physical disability for which he was retired or for which his name was placed on the temporary disability retired list, shall, if qualified therefor pursuant to this title, be entitled, on his return to a retired status or to the temporary disability retired list, to receive either (1) disability retirement pay as provided in this section, using as multipliers the highest percentages and basic pay which he attained while serving on such active duty * * *.
We think there is no merit to this contention. It clearly ignores the plain provisions of section 411, supra, which provides that the determination of the percentage of disability shall be based upon the disability of such former member, as of the time he was last retired or as of the time he was granted retirement pay, as the case may be, and the percentage of such disability will be determined in accord- *310 anee with the Standard Schedule of Eating Disabilities in current use by the Veterans Administration.
Plaintiff’s records were corrected to show that as of December 31,1945, he was entitled to have his disability retired pay computed in a higher grade for additional disability suffered on active duty; i.e., 60 percent. December 31, 1945, is also the date he was released to inactive duty on the retired list in the grade of first lieutenant. Therefore, December 31,1945, was the date he was granted retirement pay within the meaning of section 411, supra, and December 31, 1945, is the date he was last retired within the meaning of section 411, supra. So, in any event, he was either last retired or granted retirement pay, within the meaning and provisions of section 411, on December 31, 1945, and no other authority was necessary for the additional percentage. Therefore, as argued by defendant, “in view of the plain and unambiguous language of section 411, the language from Senate Eeport No. 733 can only be construed to mean that no allowance shall be allowed for disability incurred subsequent to original appointment, except when incurred on active duty.”
In conclusion, plaintiff’s right to have his disability retired pay computed on the percentage of his physical disability stems from section 411 of the Career Compensation Act, supra. Section 411 clearly provides that the percentage of disability shall be based upon the disability as of the time he was last retired or as of the time he was granted retirement pay, and the percentage of disability was correctly determined in accordance with the Standard Schedule of Eating Disabilities in current use by the Veterans Administration as provided in section 411, supra. Hence, the Correction Board did not act arbitrarily, capriciously or unlawfully.
Defendant’s motion for summary judgment is granted, and plaintiff’s cross-motion is denied. The petition is dismissed.
It is so ordered.
DuREee, Judge; MaddeN, Judge; Whitakek, Judge; and JONES, Chief Judge, concur.